**Randy Verlie UMAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71121.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

Justin Constantine, John C. Cunningham, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Randy Verlie Umar, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc), and we deny the petition for review.

The IJ denied Umar's asylum application as time-barred. Umar does not challenge this finding in his opening brief.

■ Substantial evidence supports the BIA's denial of withholding of removal because Umar has not provided sufficient evidence that he has been, or is likely to be, specifically targeted for persecution, *see Lolong*, 484 F.3d at 1178–81, and his general fear of harassment, discrimination, and sporadic violence is insufficient to render him eligible for withholding of removal, *see id.*; *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). The record does not compel the conclusion that Umar established a pattern or practice of persecution against Seventh Day Adventists in Indonesia. *See Lolong*, 484 F.3d at 1178–81.

■ Substantial evidence supports the denial of CAT relief because Umar did not show it is more likely than not that he would be tortured if he returned to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

___

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

